IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Dana E. Baker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-94 |
| | ) | |
| Michael J. Astrue, Social Security | ) | |
| Administration Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Dana E. Baker (hereinafter "Baker," "plaintiff," or "claimant"), who is proceeding pro se, initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. (Tr. 15-50). Both parties have moved for summary judgment. (Doc. #6, Doc. #7). For the reasons articulated in this memorandum, the magistrate judge finds substantial evidence in the record to support the Commissioner's final decision and accordingly, recommends defendant's motion for summary judgment (Doc. #7) be **GRANTED** and plaintiff's motion for summary judgment (Doc. #6) be **DENIED**.

Background

Baker protectively filed an application for disability insurance benefits on December 31, 2002 under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. (Tr. 131-134). He alleged a disability onset date of May 8, 2002. (Tr. 131-134). His application was denied initially and on reconsideration. (Tr. 57-62, 78, 81, 84). After a de novo hearing, an Administrative Law

Judge ("ALJ") issued a decision March 29, 2005, finding that Baker was not disabled within the meaning of the Social Security Act. (Tr. 63-70). Baker sought review of the ALJ's decision. On May 15, 2006, the Appeals Council granted his request for review, vacated the hearing decision, and remanded the case for further proceedings. (Tr. 75-77).

Baker filed another application for disability insurance benefits on January 31, 2006. (Tr. 147-149). This application was not addressed due to the pending application before the Appeals Council. The Appeals Council ruled that the subsequent application was a duplicate of the earlier application and associated it with the current record. (Tr. 77).

A supplemental de novo hearing was held before an ALJ on September 21, 2006, where Baker appeared pro se along with medical expert, Dr. Stephen Podrygula, and vocational expert, Warren Haagenson. (Tr. 756-864). The ALJ issued a decision on March 26, 2007, finding plaintiff was not disabled. (Tr. 15-50). The Appeals Council subsequently denied Baker's request for review, making the decision of the ALJ the Commissioner's final decision.

Baker was 55 years old at the time of the hearing. (Tr. 147). He has completed trade school and one year of college and has worked as a postal clerk, service tech, bus driver, security guard, manufacturing welder, construction equipment operator, city water plant operator, and owner/operator of a fire extinguishing business. (Tr. 159, 202-209). Baker alleges he is disabled due to musculoskeletal disorders, fibromyalgia, myofascial pain syndrome, palsy, chronic fatigue and immune deficiency, temporal mandibular joint syndrome, bowel and bladder syndrome, diabetes, hypertension, hyperlidemia, conjunctivitis, obesity and personality disorders. (Tr. 153).

Legal Standard

Upon review of the pleadings and transcript of the record, the court can affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). To affirm the Commissioner's decision, the court must find that substantial evidence appearing in the record as a whole supports the decision. See id.; Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989). "Substantial evidence 'is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.'" Sultan v. Barnhart, 368 F.3d 857, 862-863 (8th Cir. 2004) (quoting McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). The review of the record is more than a search for evidence supporting the Commissioner's decision; the court must also take into account matters that detract from the ALJ's findings and apply a balancing test to weigh contradictory evidence. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991); Sobania v. Secretary of Health & Human Services, 879 F.2d 441, 444 (8th Cir. 1989) (citation omitted).

Under the Social Security Act, an individual is "disabled" if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment(s) must be severe enough so that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. at § 1382c(a)(3)(B).

Claims of disability are evaluated using a five-step sequential review. 20 C.F.R. § 416.920(a). If the Commissioner finds that the applicant is either disabled or not disabled at any

3

point in the review, the Commissioner does not continue the review. Id. at § 416.920(a)(4).

The first step is to determine whether the applicant is engaged in substantial gainful employment. Id. at § 416.920(a)(4)(I). If the applicant is so engaged, there is no disability. If, however, the applicant is not engaged in substantial gainful employment, the second step is to consider whether the applicant has an impairment or combination of impairments that significantly limit his or her ability to perform basic work activities. Id. at § 416.920(a)(4)(ii). If there is no limiting effect, the applicant is not disabled. If the applicant is significantly limited by his or her impairment(s), the third step is to determine whether the impairments meet or equal a listed impairment. Id. at § 416.920(a)(4)(iii). The applicant is disabled if the impairments do meet or equal a listed impairment. If the impairments do not meet or equal a listed impairment, the fourth step is to determine how the impairments affect the applicant's ability to perform past relevant work. Id. at § 416.920(a)(4)(iv). The applicant is not disabled if he or she is still able to perform past relevant work. Finally, the fifth step is to determine whether the applicant can perform other work. If the applicant cannot perform other work, the applicant is disabled. Id. at § 416.920(a)(4)(v).

The applicant bears the burden of proving disability. Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994). "However, if the claimant can demonstrate that she is unable to do past relevant work, and thereby reaches the fifth step in the process, the burden shifts to the [Commissioner], who must show that substantial gainful activity exists in the national economy which the claimant can perform." Id. At the final stage only, the Commissioner may consider the claimant's age, education and work experience in light of his or her residual functional capacity. McCoy v. Schweiker, 683 F.2d 1138, 1142 (8th Cir. 1982); 20 C.F.R. § 416.920(a)(4)(v).

Discussion

In the instant case, the ALJ employed the five-step sequential evaluation mandated by 20 C.F.R. § 404.1520 and concluded at the second step that Baker was not under a disability as defined by the Social Security Act and is not entitled to benefits. The ALJ determined plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability, May 8, 2002. (Tr. 22, 50). He found Baker has the following impairments: hypertension, hyperlipidemia, non-insulin dependant diabetes mellitus, fibromyalgia, degenerative disk disease involving the cervical and lumbosacral spine, sleep apnea controlled on CPAP therapy, bilateral carpal tunnel syndrome, and dry eye syndrome; however, the ALJ found the record in its entirety does not support a finding that these impairments are severe as defined by 20 C.F.R. § 404.1521. (Tr. 23, 50). He also found Baker's testimony concerning debilitating pain, chronic drowsiness, fatigue, vision difficulties, and memory deficits is not supported by the record. (Tr. 50).

The court notes the deferential standard of review in these cases. "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the decision of the Commissioner." Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003) (quoting Nguyen v. Charter, 75 F.3d 429, 431 (8th Cir. 1996). The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different determination or because substantial evidence also exists which would support a contrary outcome. Sultan, 368 F.3d at 863.

The magistrate judge concludes that substantial evidence in the record supports the ALJ's decision. The ALJ thoroughly addressed the medical evidence in his written opinion, and the

Commissioner's Brief in Support of Motion for Summary Judgment accurately summarizes the evidence. Rather than repeat the same evidence, the court will focus on Baker's allegations of error in the ALJ's decision.

Subjective Complaints

Plaintiff alleges the ALJ improperly discredited his testimony concerning his level of pain and did not properly evaluate his subjective complaints. Plaintiff's Motion for Summary Judgment and Supporting Brief, at 19. "An adjudicator may not disregard a claimant's subjective complaints solely because the medical evidence does not fully support them," or solely based on personal observations. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). There are several factors which must be considered in analyzing a plaintiff's subjective complaints:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

Id. "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." Id.

In the instant case, the ALJ considered all the evidence and addressed the necessary factors in evaluating plaintiff's subjective complaints. He considered plaintiff's work history of holding numerous, short-term jobs and plaintiff's statement he was never happy with them. (Tr. 45-46, 438). He discussed plaintiff's duration, frequency, and intensity of pain with references

to plaintiff's testimony about his complaints of major pain flares, contrasted with the medical records, which describe some of his conditions as mild, the general lack of treatment for his conditions, including complete absence of emergency care for his pain, the fact that he takes no pain medication, and the fact that he has not increased his level of medical attention at the Department of Veteran's Affairs ("VA") medical facility. (Tr. 48-49). The ALJ commented that the "record says little about precipitating and aggravating factors, consistent with the fact that there is little in the way of clinical attention related to pain." (Tr. 49). He did acknowledge that the somatization reflected in the psychological evaluation reports may be a precipitating or aggravating factor; however, Baker has never received any treatment or therapy for this issue, so the ALJ could not accept it as an uncontrollable aggravating factor. (Tr. 49).

The ALJ spent considerable time discussing Baker's daily activities and how they are inconsistent with his alleged functional restrictions. Baker's daily activities consist of living alone, caring for his personal needs, washing occasional dishes, making his own bed, laundry, vacuuming, sweeping, grocery shopping, going out to eat every day, visiting with friends, in-town driving, performing yard work, clearing snow with a plow mounted to his pick-up, taking his granddaughter to the park, assisting his handy man in taking care of his rental properties, occasionally riding a motorcycle, chairing monthly meetings as the Commander of the Disabled American Veterans ("DAV"), and organizing the DAV's yearly fund-raising event. (Tr. 792-93, 795-96, 798-99). The ALJ concluded that these daily activities are not consistent with Baker's alleged functional limitations due to more than mild mental impairments, debilitating pain, fatigue, and near inability to stay awake. (Tr. 46-47). The ALJ also considered the fact that in a number of instances the medical records reflect that plaintiff is quite active and motivated, in that

he enjoys going fishing with his friends and tinkering on projects, and that he suffered an injury to his finger in January 2006 from falling while carrying wood. (Tr. 47). When addressing the plaintiff's pain flares and the effect they have upon his daily activities, memory, attention, and concentration, the ALJ stated:

> [T]he clinical reports are replete with notations that the claimant does significant amounts of research into medical and psychological issues, and the pain management progress reports indicate that the claimant has always been very eager to learn more about fibromyalgia and so forth. While it is commendable for an individual to educate himself or herself on clinical matters, the claimant's efforts in this area appear to go well beyond the normal patient education which is encouraged by care providers. More important, the claimant's efforts in this area, to include the preparation of statements and the formulation of questionnaires for care providers, further endorses the fact that there is little if any loss of concentration and attention to task stemming from pain, depressive symptoms and inability to stay awake.

(Tr. 47). Later in his opinion the ALJ added that "this record raises serious concerns as to the degree to which alleged symptoms are influenced by the significant amount of research the claimant has done with respect to this claim for disability and his pursuit of increased compensation before the VA." (Tr. 49). The ALJ considered all of the necessary factors and evidence before discrediting plaintiff's testimony regarding his subjective complaints. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000)(citation omitted). The ALJ may discount a claimant's subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. Id. The ALJ's findings concerning plaintiff's subjective complaints are supported by substantial evidence in the record.

Medical Opinions

Plaintiff argues the ALJ improperly disregarded the opinions of his treating and

consulting physicians. Plaintiff's Motion for Summary Judgment and Supporting Brief, at 22. Based on the medical records Baker references, it appears the physicians to whom he is referring are Robert Gulkin, PhD., who examined plaintiff at the request of the Social Security Administration ("SSA"), the physicians who signed statements (Tr. 478, 491-93, 520) agreeing with Dr. Gulkin's opinion, his treating physician, Soe Soe Maw, M.D., who signed a fibromyalgia questionnaire (Tr. 509-18) plaintiff reproduced in his brief, and Eleni S. Muntz, Ph.D., who signed a letter (Tr. 519) plaintiff also reproduced in his brief. Plaintiff's Motion for Summary Judgment and Supporting Brief at 4-18. The ALJ summarized each of these items in his decision. (Tr. 27-30).

The ALJ may consider an opinion from a medical expert as a factor in determining the severity of a claimant's impairment. 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2), Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004). Medical opinions are considered together with the evidence on record. Id. at § 404.1527(b). If any medical opinions are inconsistent with the other evidence, the ALJ must weigh the evidence. Id. at 404.1527(c)(2). More weight is generally given to an opinion of a physician who has examined the claimant. Id. at 404.1527(d)(1). "The more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." Id. at 404.1527(d)(4). An ALJ is not bound by the opinions of medical or psychological consultants, but must consider their findings and explain in the decision the weight given to the State agency consultants. Id. at 404.1527(f)(2)(i)-(ii). Opinions on whether a claimant is disabled or unable to work are reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1).

The ALJ meticulously addressed all of plaintiff's medical records. He noted the record

9

contains medical and chiropractic records beginning in August 1974, which is more than 27 years prior to plaintiff's alleged disability onset date of May 8, 2002. (Tr. 23). He chose not to summarize those records which were too remote in time. (Tr. 23). He did, however, look at records from the VA and other facilities spanning the period from April 1998 through September 2006, during which plaintiff was seen by numerous medical professionals, including Soe Soe Maw, M.D. and Eleni Muntz, Ph.D., for various reasons. (Tr. 23-27). The ALJ found in summary that the plaintiff's physical examinations consistently showed his medical signs within the normal range or mildly affected, and that the clinic progress reports contain "no physician comments with respect to functional restrictions or the claimant's capacity for work." (Tr. 24).[1] The lack of physical restrictions supports the ALJ's finding that plaintiff's impairments are not severe. Middlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 1993)(citing Melton v. Apfel, 181 F.3d 939, 941 (8th Cir. 1999) (testimony undermined by, among other reasons, the lack of significant restrictions placed on claimant's activities by his doctors)).

The ALJ properly considered and rejected Dr. Gulkin's psychological opinion regarding plaintiff's functional limitations in light of the medical expert's testimony, plaintiff's testimony, and the record as a whole. Dr. Gulkin conducted consultative examinations at the request of the SSA, which included MMPI testing. (Tr. 40). The ALJ rejected Dr. Gulkin's assessment of the degree of plaintiff's functional limitations and his opinions stating or implying that plaintiff is severely disabled in vocational functioning, and instead put more weight on the testimony of the expert medical witness. (Tr. 40 -41). He found that Dr. Gulkin's opinions in the realm of

---

[1] The only exception is in the records of Robert Gulkin, PhD., who at the request of the Social Security Administration performed consultative psychological examinations on April 9, 2003, April 5, 2006, and July 27, 2006. (Tr. 409-414, 659-664, 666-673).

employment "are inconsistent with this record as a whole in terms of the overall functioning demonstrated by the claimant over the course of this record." (Tr. 40). The expert medical witness testified that the MMPI test results did not correlate to the plaintiff's testimony in that the test results suggested the plaintiff was more impaired in his activities of daily living than his actual activity level. (Tr. 40-41). The medical expert advised that "test data is not as reliable as knowledge of an individual's day-to-day functioning." (Tr. 40-41). The ALJ found the plaintiff's daily activities and his focused testimony, coupled with his lack of treatment or therapy for mental impairments and the lack of evidence that any of his work stoppages related to his mental impairments, showed the consulting psychologist's opinions were not consistent with the record and deserved no weight. (Tr. 41). Furthermore, the medical expert witness noted that Dr. Gulkin may not have known much about plaintiff's daily activities, considering that his report made no mention of plaintiff's involvement with his DAV chapter. (Tr. 41). "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999) (citing Bentley v. Shalala, 52 F.3d 784, 786-87 (8th Cir. 1995)).

      The ALJ also properly rejected the identical letters signed by various health care personnel stating they agree with Dr. Gulkin. First, these letters were all written in support of an opinion which was properly given no weight. (Tr. 40-42). Additionally, two of the health care professionals added qualifying language at the bottom of their letters stating they had not evaluated plaintiff, three of the letters were signed by medical professionals with no training in psychological issues, and there is no evidence that the psychiatric nurse who signed one letter ever evaluated plaintiff in a psychological setting. (Tr. 478, 491-93, 520). Finally, all of the

letters state that they agree with Dr. Gulkin's opinion that "Dana Baker is severely disabled in the realm of vocational functioning," which is a determination that is left solely to the discretion of the Commissioner.  20 C.F.R. § 404.1527(e)(1), Krogmeier v. Barnhart, 294 F.3d 1019, 1025 (8th Cir. 2002).  Therefore, the ALJ was justified in giving the letters no weight.

Plaintiff reproduced in his complaint a document from the record titled "Fibromyalgia and Myofascial Pain Functional Questionnaire," which was signed by Dr. Maw.  (Tr. 509-518). The ALJ briefly summarized the lengthy document and properly considered it on the issue of whether plaintiff's fibromyalgia more than minimally limits his functionality.  (Tr. 27, 36).  The ALJ noted that plaintiff is receiving no pain medication or particular treatment for fibromyalgia and that all of the progress reports are consistent:

> [There is] no decrease in range of motion involving the cervical and lumbar spine, or any peripheral joint.  There is no objective evidence of strength deficits or declination with respect to motor and sensory examinations.  No muscle weakness or atrophy is noted by any primary care or consulting physician of record.  In essence, the only objective finding is the positive trigger points noted by the physician assistant in July 2006.

(Tr. 36).  These reports also include all of the progress notes by Dr. Maw, which are inconsistent with the questionnaire he signed.  Therefore, there is sufficient evidence to support the ALJ's findings regarding plaintiff's fibromyalgia.

Plaintiff argues that the ALJ failed to consider or give weight to a letter, which is essentially a functional capacity assessment, from Eleni S. Muntz, PhD., the Director of the Mental Health Clinic at the VA medical facility in Fargo.  There is no evidence that Dr. Muntz ever treated plaintiff for a mental impairment or that she has training in the medical sciences or physical medicines.  Accordingly the ALJ rejected her assessments regarding issues requiring knowledge in those areas.  (Tr. 38).  The ALJ also rejected her opinion as to types of jobs the

plaintiff can or cannot perform because Dr. Muntz is not trained in vocational matters. (Tr. 38). The opinions of a specialist on a medical issue related to the specialty are entitled to more weight than opinions of a non-specialist. 20 C.F.R. § 404.1527(d)(4).

## Vocational Expert Opinion

Plaintiff's final argument is that the ALJ did not consider the vocational expert's ("VE") opinion that plaintiff does not have skills transferable to sedentary work. (Tr. 854). The ALJ ultimately concluded that plaintiff's impairments do not significantly limit his ability to perform basic work activities, which ends the analysis at the second step. Testimony of the VE relates only to the fourth and fifth steps of the analysis. Since the ALJ did not reach those steps, he properly failed to address the VE's testimony.

## Conclusion

The ALJ properly found that Baker's impairments are not "severe" as defined by the Social Security Act. After considering the errors alleged by Baker, the magistrate judge is satisfied that substantial evidence supports the ALJ's findings and conclusions that plaintiff is not disabled.

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment (Doc. #6) be **DENIED** and defendant's Motion for Summary Judgment (Doc. #7) be **GRANTED**. Judgment should be entered affirming the decision of the Commissioner.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 10th day of February, 2009.

    /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge